[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THIRD COUNT
This is an action brought by Lydia Davis, both in her individual capacity and as next friend of the minor plaintiff, Sandra Victoria Smith. In a three count complaint filed on July 18, 1994, the plaintiff alleges the following. On August 15, 1992, Davis went to the defendant hospital for the care and management of her pregnancy. On September 3, 1992, the minor plaintiff Smith was born in the defendant hospital, and because she was premature, was placed in the "Special Care Nursery" section of the hospital. On September 8, 1995, Smith was diagnosed as having diaper rash. In order to treat the rash, employees and agents of Mount Sinai placed Smith under a heat lamp. The employees were negligent and left Smith exposed to the heat from the lamp for an extended period of time. As a result, Smith suffered severe burns to her buttocks, caused by the negligence of the hospital's agents and employees.
The first count is brought by Davis as next friend on behalf of the minor plaintiff Smith and sounds in negligence. In the second count, Davis is seeking damages for present and future medical costs incurred for the injuries sustained by her daughter. In the third count, Davis is seeking damages for emotional distress to her, caused by the negligent conduct of the defendant's employees and agents.
On September 6, 1994, the defendant filed a motion to strike which, by agreement, is applicable to the third count only.
The defendant claims that the third count should be CT Page 695 stricken because Connecticut does not recognize recovery in a claim for emotional distress in a medical malpractice case, relying on Maloney v. Conroy, 208 Conn. 392 (1988).
In response, the plaintiff argues that the third count of the complaint sounds in negligent infliction of emotional distress and not in bystander emotional distress. The plaintiff cites Hyland v. State of Connecticut, 7 Conn. L. Rptr. 222
(August 6, 1992) (Aurigemma, J.) as authority for the proposition that a plaintiff's mother is not a "bystander" with respect to medical malpractice.
Maloney v. Conroy, supra, holds that a bystander may not recover damages for an "emotional disturbance resulting from malpractice upon another person that a bystander may have observed." Several Superior Court decisions have recognized a distinction "between claims for bystander recovery and claims for negligent infliction of emotional distress based on the breach of a direct duty owed to the plaintiff-mother by virtue of the physician-patient relationship. " Starr v. Merdinolou, 2 Conn. L. Rptr. 714
(1990) (Cioffi, J.); see Hyland v. State ofConnecticut, supra. The court in Hyland cited a line of superior court decisions supporting the rationale that "to infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by the physician. In such circumstances . . . there are two within the zone of danger and the doctor owes a duty to each . . . ." (Citation omitted.) Hyland v. State ofConnecticut, supra, quoting Santilli v. Kharma, 2 CSCR 446
(1987) (Healey, J.)
However, the injuries in all those cases took place at the birth of the injured minor plaintiff. In those cases the mother has a claim of damages because she is physically involved in the medical procedure and is owed a duty by the physician during this procedure. In this case, the plaintiff is asking the court to extend the doctrine in a situation where the negligent conduct occurred five days after the birth of the minor plaintiff in a totally unrelated incident. When the minor plaintiff underwent treatment for diaper rash in this case it does not appear that Davis was in the same room or even in the hospital and therefore not within the zone of danger in the context ofHyland, and the other caes [cases] relied upon. CT Page 696
What we have left in the third count is a claim sounding in bystander emotional distress. Under Maloneyv. Conroy, supra, the plaintiff has not stated facts sufficient to maintain a cause of action. Defendant's motion to strike count three of the complaint is granted.