[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Krystal Kohutka, and Raymond Kohutka, filed a nine count complaint against the defendants, Dominick and Virginia Mazzucco. The plaintiffs allege causes of action in negligence, negligence per se, strict liability, reckless and wanton misconduct, the Connecticut Unfair Trade Practices Act (CUTPA), negligent infliction of emotional distress, wanton infliction of emotional distress, loss of parental consortium, and loss of filial consortium. The plaintiffs allege in their CT Page 3807 complaint that they rented an apartment from the defendants in Norwalk which contained lead paint that did not conform to federal standards. The plaintiffs further allege that they witnessed their one year old daughter, the plaintiff, Krystal Kohutka, ingesting paint chips, and after testing, that Krystal was found to have elevated blood lead levels. The plaintiffs allege that they were damaged as a result.
The defendants filed a motion (#101) to strike counts five through nine on the ground of their legal insufficiency to state a claim upon which relief can be granted. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v. Brown, Jacobson, Tillinghast,Lahan and King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340
(1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
In count five, the defendants argue that the plaintiffs have not alleged sufficient facts to show that the defendants' rental of the apartment to the plaintiffs constituted a violation of General Statutes § 42a-110b, the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiffs maintain that a CUTPA claim based upon a lead paint injury is a cognizable action in Connecticut.
The criteria used to determine whether certain practices violate CUTPA are "(1) [w]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise-whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial CT Page 3808 injury to consumers (or competitors or other businessmen)." (Internal quotation marks omitted.) Associated Investment Co.Ltd. Partnership v. Williams Associates IV, 230 Conn. 148, 155,645 A.2d 505 (1992). Several courts have determined that renting property containing lead paint in excess of statutory limitations is a violation of public policy. See Gutierrez v. JeffersonStreet Medical Buildings, Inc., 12 Conn. L. Rptr. 472, 476 (October 31, 1994, Hennessey, J.); Tackling v. Shinerman,8 Conn. L. Rptr. 313 (February 9, 1993, Teller, J.); Dickerson v. Little,6 Conn. L. Rptr. 508 (June 4, 1992, Gray, J.); Hardy v. Griffin,41 Conn. Sup. 283, 287, 569 A.2d 49 (1989).
The plaintiffs have alleged that the paint in the apartment exceeds federal standards as stated in the Lead Based Paint Poisoning Prevention Act, and Chapter 63 of the Social Security Act. The plaintiffs also allege that the defendants knew or should have known that the apartment contained lead paint before they rented it to the plaintiffs. The plaintiffs further allege that they were unaware that the apartment contained lead paint. The plaintiffs have alleged a cause of action in CUTPA based upon the public policy against renting apartments containing excessive levels of lead paint. Accordingly, the defendants' motion to strike count five is denied.
In regard to counts six and seven, in which the plaintiffs allege negligent infliction of emotional distress and wanton infliction of emotional distress, the defendants contend that Connecticut does not recognize bystander emotional distress. The plaintiffs argue that bystander emotional distress is a recognized cause of action in Connecticut.
While there is a split of authority in the Superior Courts regarding bystander emotional distress, this court has previously recognized that such an action exists provided that the plaintiff "is closely related to the victim; is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and suffers serious emotional distress, beyond that which would be anticipated in a disinterested witness." Cambareri v. Glock, Inc.,11 Conn. L. Rptr. 540 (May 25, 1994, Lewis, J.); see also Castrovillari v.Bourse, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 129351 (March 3, 1994, Lewis, J.); Salvadoriv. Rivera, 4 Conn. L. Rptr. 16 (May 2, 1991, Lewis, J.). Therefore, the defendants' motion to strike counts six and seven is denied. CT Page 3809
The defendants also assert that causes of action for loss of parental or filial consortium are not cognizable in Connecticut. The plaintiffs contend that both causes of action are recognizable in Connecticut.
This court has previously held that Connecticut does not recognize parent/child loss of consortium because "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." (Internal quotation marks omitted.) Castrovillari v. Bourse,
supra, citing Mahoney v. Lensink, 17 Conn. App. 130, 141,550 A.2d 1088 (1988), rev'd. on other grounds, 213 Conn. 548,569 A.2d 518 (1990). Causes of action alleged by the plaintiffs in filial loss of consortium and parental loss of consortium arise out of the parent-child relationship and, therefore, are not recognizable causes of action. Accordingly, the defendants' motion to strike counts eight and nine is granted.
So Ordered.
Dated at Stamford, Connecticut this 18th day of April, 1995.
WILLIAM BURKE LEWIS, JUDGE