[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDA RE: MOTION TO STRIKE # 101
The plaintiffs, Linda Sabol, her husband Peter Sabol and their two children, Michael and Brad Sabol, filed a nine count complaint against the defendant, George W. Hallock, alleging negligence in the operation of an automobile. The seventh through ninth counts seek damages for loss of parental consortium on behalf of the two children. The defendant has filed this motion to strike counts seven through nine, claiming that Connecticut does not recognize a claim for loss of parental consortium.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The motion to strike may be used to test whether Connecticut is "ready to recognize some newly emerging ground of liability."Castelvetro v. Mills, Superior Court, judicial district of New Haven, Docket No. 320396 (January 31, 1994, Gray, J., 9 CSCR 232); 1 E. Stephenson, Conn. Civil Procedure 116, p. 470 (1970).
Our appellate courts have not squarely addressed the issue of whether a cause of action lies for loss of parental or filial CT Page 1152 consortium. Both the Connecticut Supreme and Appellate Courts have, however, indicated, in dicta, that no such cause of action exists.
In Hopson v. St. Mary's Hospital, 176 Conn. 485, 493,408 A.2d 260 (1979), the Connecticut Supreme Court stated that consortium is "the constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." (Emphasis added.). In a similar manner, the Appellate Court in Mahoney v.Lensink, 17 Conn. App. 130, 141 n. 7, 550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990), stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and a such, does not extend to the parent child relationship. "
There is a split of authority in our Superior Court as to whether the loss of consortium does extend to the parent child relationship with learned colleagues both recognizing a cause of action for loss of filial consortium, See e.g., Scalise v. BristolHospital, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 525217 (July 6, 1995, Corradino, J.,14 Conn. L. Rptr. 534); Shabazz v. Price, Superior Court, Judicial District of New Haven, Docket No. 353763 (April 22, 1994, Hodgson, J.) and others refusing to extend this cause of action to the parent child relationship. See, e.g., Casner v. Fine, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 462895 (May 22, 1995, Handy, J., 14 Conn. L. Rptr. 250); Kohutka v.Mazzucco, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 142751 (April 18, 1995, Lewis, J.,14 Conn. L. Rptr. 87);Tyrrell v. Cassell, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 304981 (February, 27, 1995, Thim, J.); Ayala v. Kochanowsky, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 544317 (January 1, 1995, Allen, S.T.R.).
In refusing to recognize consortium claims in the context of the parent-child relationship, most judges including the undersigned, have generally relied on the language in Hopson v. St.Mary's Hospital and Mahoney v. Lensink which indicate that loss of consortium claims are limited to the husband-wife relationship.
This court has previously adopted this rationale in refusing recognize a cause of action for loss of consortium in a claim for loss of filial consortium Mills v. Lake Quassapaug Amusement Park,
Superior Court, Judicial District of Waterbury, Docket No. 123482 CT Page 1153 (May 17, 1995, Pellegrino, J.). In Mills, this court addressed the specific issue of whether a parent may maintain an action for the loss of consortium of a child. Consistent with the dicta in bothHopson and Mahoney, this court held that "consortium arises out of the marriage contract and therefore there cannot be any claim made by a parent for the loss of consortium of a child." Id. This court does believe that claim for loss of parental consortium is a distinction which allows a different result since the basis of the claim arises out of the marriage contract which obviously does not exist in the claim for loss of parental consortium as is being asserted here. For this reason, the court finds that the plaintiffs have failed to properly state a cause of action in counts seven through nine of the complaint. This conclusion is consistent with both the majority of Superior Court decisions and with the limited guidance provided by the appellate courts in Hopson and Mahoney.
Accordingly, the defendants' motion to strike counts seven, eight and nine of the plaintiff's complaint is granted.
PELLEGRINO, J.