[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103RE: MOTION TO STRIKE #105
On September 28, 1995, the plaintiff, Jose Ortiz, filed a two count complaint in loss of filial consortium against Robert D. Ford, Lucila O. Ford, and Kenneth W. Willette. The plaintiff alleges in his complaint that on August 1, 1994, Andrea Ortiz, the plaintiff's daughter, was a passenger in a motor vehicle that was owned by Lucila Ford, and was being operated by Robert Ford. The plaintiff further alleges that as Robert Ford turned the vehicle left from Fairfield Avenue onto Ellsworth Avenue in Bridgeport, Willette, who was traveling east on Fairfield Avenue in his motor vehicle, struck the Ford vehicle injuring Andrea Ortiz. The plaintiff alleges that the negligence of Robert and Lucila Ford, and Kenneth Willette has caused the plaintiff loss of filial consortium.
On November 6, 1995, Willette filed a motion to strike count two on the grounds that the plaintiff has not alleged a legally sufficient cause[1] of action and that because the cause of action alleged is derivative of a claim by the plaintiff's daughter, the claim is legally insufficient in that the plaintiff's daughter has not alleged any claim against Willette. On November 17, 1995, the Fords filed a motion to strike count one on the same grounds. The plaintiff filed a memorandum in opposition on December 11, 1995.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the CT Page 4022-A complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group Inc., supra, 224 Conn. 215.
The defendants contend that a cause of action for loss of filial consortium is not a valid cause of action in Connecticut. The plaintiff replies that several courts have recognized a cause of action for loss of consortium arising out of the parent/child relationship.
Loss of filial consortium has been recognized by a few superior courts. See Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 52521714 Conn. L. Rptr. 534 (July 6, 1995) (Corradino, J.); Condron v.Pollak, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128731 10 Conn. L. Rptr. 411 (November 18, 1993) (Dean, J.); Sliney v. Denisanko, Superior Court, judicial district of New Haven at New Haven, Docket No. 334928 9 Conn. L. Rptr. 537 (August 6, 1993) (Gordon, J.). The court in Scalise v. Bristol Hospital, supra, stated that "[m]ost though not all of the Connecticut cases cited involve claims of loss of parental consortium as opposed to a loss of filial consortium. These claims raise different issues but courts that reject either theory seem to rely on their conclusion that our appellate courts have not recognized these causes of action." The Scalise court followed the decision inSliney v. Denisanko, supra, which noted the interest of a parent in his child is a constitutional right and determined that "[i]t is difficult to rationalize why rights protected by the legal contract of marriage should give rise to a consortium claim while rights (parental) that are constitutional should not."
The majority of superior courts have declined to recognize a claim of loss of filial consortium. See Broadmax v. Ali,
Superior Court, judicial district of Fairfield at Bridgeport, CT Page 4022-B Docket No. 321979 (September 21, 1995) (Thim, J.); Casner v.Fine, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 462895 14 Conn. L. Rptr. 570 (May 22, 1995) (Handy, J.); Mills v. Lake Quassapaug Amusement Park, Superior Court, judicial district of Waterbury, Docket No. 123482 (May 17, 1995) (Pellegrino, J.); Kohutka v. Mazzucco, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142751 14 Conn. L. Rptr. 87
(April 18, 1995) (Lewis, J.); Urbanski v. Carabetta Enterprises,
Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463861 (August 14, 1995) (Stengel, J.);Tyrell v. Cassell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304981 (February 27, 1995) (Thim, J.); Ayala v. Kochanowsky, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544317 (January 30, 1995) (Allen, S.J.R.).[2] The majority of superior courts have declined to recognize a cause of action for loss of filial consortium in light of the strong language expressed inMahoney v. Lensink, 17 Conn. App. 130, 141, 550 A.2d 1088, rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990), and in the absence of "legislative or appellate authority." Urbanski v.Carabetta Enterprises, supra. The Appellate Court stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Mahoney v. Lensink, supra, 17 Conn. App. 141. However, the court also expressed that no appellate court case had squarely addressed this issue. Id., 141 n. 7.
Regarding loss of a parent's consortium, this court has recognized such a cause of action reasoning that such a claim is a "logical extension of the principles articulated in Hopson v.St. Mary's Hospital [176 Conn. 485, 408 A.2d 260 (1979)]. Vizzov. Keleman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309650 13 Conn. L. Rptr. 266 (January 16, 1995) (Maiocco, J.); see also McAuliffe v. Bridgeport Radiology Associates P.C.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320743 (May 1, 1995) (Maiocco, J.). It would appear, therefore, that this reasoning would be equally applicable to a claim of loss of filial consortium. However, a cause of action for loss of consortium is derivative of the injured party's cause of action and "dependant for its assertion on the legal viability of the cause of action in the injured party."Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 564,562 A.2d 1100 (1989). The present action does not contain a cause of action on behalf of the injured party. The plaintiff's claim CT Page 4022-C of loss of filial consortium, as a derivative cause of action, is, therefore, legally insufficient. Accordingly, the defendants' motions to strike counts one and two are granted.