[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Brian Simmons and Kyle Simmons, husband and son of the decedent, Susan Simmons, respectively, filed a six count complaint against the defendants, Norwalk Hospital and Dr. Steven A. Herzig. The plaintiffs allege causes of action in negligence, loss of spousal consortium, and loss of parental consortium against each of the defendants. According to the complaint, the defendants were negligent in their care, treatment, monitoring and supervision of the plaintiffs' decedent, Susan Simmons. As a result of the alleged carelessness and negligence of the defendants, the plaintiffs claim that Susan Simmons suffered serious, painful and permanent injuries, leading to her death on October 27, 1994. The plaintiffs now seek monetary damages for the wrongful death of Susan Simmons.
The defendants filed motions (#102 and #108) to strike counts three and six of the plaintiffs' complaint on the ground that Connecticut does not recognize a cause of action for loss of parental consortium, which motions appeared on the motion calendar of November 4, 1996. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, CT Page 1162 the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
In the third and sixth counts of the complaint, the plaintiffs allege that, as a result of the defendants' negligent conduct, Kyle Simmons, the decedent's son, "has been permanently deprived of the services, companionship and society" of his mother, the decedent. This court, however, has previously held that Connecticut does not recognize a claim for loss of parental consortium because "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " (Internal quotation marks omitted.) Kohutka v. Mazzucco, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142751 (April 18, 1995, Lewis, J., 14 Conn. L. Rptr. 87, 88), citingMahoney v. Lensink, 17 Conn. App. 130, 141, 550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). The plaintiffs' claims for loss of parental consortium arise out of the parent-child relationship between Kyle and his mother, Susan Simmons, deceased, and, therefore, are not recognizable causes of action in this state. Accordingly, the defendants' motion to strike counts three and six of the plaintiffs' complaint is granted.
So Ordered.
Dated at Stamford, Connecticut, this 5TH day of February, 1997.
WILLIAM BURKE LEWIS, JUDGE