[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#125)
The plaintiffs, Christopher Smith and Patricia DeCurtis-Smith, filed a nine-count substituted complaint against the CT Page 7367 defendants, Maryellen Humes, M.D., Women's Medical Associates, P.C., and Stamford Hospital. In this complaint, dated June 27, 1996, the plaintiffs allege that the defendants undertook the care, treatment, monitoring, and supervision of the plaintiffs' deceased son, Christopher Richard Smith, and Patricia DeCurtis-Smith for pregnancy, labor and delivery, and post-natal care. (Counts one, four, and seven.) The plaintiffs allege that, as a result of the carelessness and negligence of the defendants, Christopher R. Smith was born with serious injuries which led to his death. (Counts one, four, and seven.) The plaintiffs also allege that, as a result of the injuries and death suffered by Christopher R. Smith, the plaintiffs have incurred and will continue to incur expenses for medical, custodial and rehabilitative care, and funeral expenses, all to their financial loss. (Counts two, five, and eight.) In addition, the plaintiffs allege that, as a result of the carelessness and negligence of the defendants, Patricia DeCurtis-Smith "became, still is and for a long time to come will suffer from psychologic, physiologic, and emotional distress." (Counts three, six.)
On December 11, 1996, the defendants, Maryellen Humes, M.D. and Women's Medical Associates, P.C., filed a motion to strike and a supporting memorandum of law. Said defendants move to strike counts three and six on the ground that they fail to state claims upon which relief can be granted as a matter of law.
The plaintiffs filed a memorandum of law in opposition to the defendants' motion to strike on January 8, 1997.
A motion to strike may be used to test the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Faulkner v. United TechnologiesCorporation, 240 Conn. 576, 580, ___ A.2d ___ (1997). When considering a motion to strike, the court must accept as true all facts that are well pleaded and construe the complaint in the light most favorable to the nonmoving party. Sassone v. Lepore,226 Conn. 773, 779-80, 629 A.2d 557 (1993). The trial court must take the facts to be those alleged in the complaint and cannot consider any facts not therein alleged. Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348-49, 576 A.2d 149 (1990). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must be denied. Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991).
The defendants move to strike on the ground that counts three CT Page 7368 and six "attempt to set forth claims for bystander emotional distress on behalf of Patricia DeCurtis-Smith in a medical malpractice context," and that these counts must be stricken because Connecticut does not recognize bystander emotional distress in this situation. The plaintiffs counter that counts three and six do not set forth claims for bystander emotional distress, but for the emotional distress that Patricia DeCurtis-Smith suffered directly as a patient of the defendants.
In Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), the Supreme Court of Connecticut held that claims for bystander emotional distress are prohibited in the medical malpractice context.[1] Maloney involved a suit against two physicians whose alleged malpractice in the treatment of the plaintiff's mother caused the plaintiff to experience severe emotional distress. The court affirmed the trial court's decision to grant the defendants' motion to strike, observing that ". . . the plaintiff has raised the single issue of whether one who is closely related to a victim of alleged malpractice may recover for a severe emotional disturbance claimed to have resulted from observing the malpractice perpetrated on the victim. We hold that a bystander to medical malpractice may not recover for emotional distress and accordingly find no error in the striking of the complaint by the trial court." Id. The court stated that ". . . [w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated inStrazza that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.' Strazza v. McKittrick, supra, 719." Id., 402.
However, numerous superior court decisions have recognized that a mother is not a mere bystander at the birth of her own child. See, e.g., Golymbieski v. Equia, Superior Court, judicial district of Waterbury, Docket No. 125140 (May 22, 1997, Fasano, J.) (3 Conn. Ops. 704); Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525217 (July 5, 1995, Corradino, J.) (14 Conn. L. Rptr. 534, 537). Casner v. Fine, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 462895 (May 22, 1995, Handy, J.) (14 Conn. L. Rptr. 570, 571);Stapleton v. S.H.E. Medical Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536586 (May 18, 1995, Sheldon, J.); Tyrrell v. Cassell, Superior Court, CT Page 7369 judicial district of Fairfield at Bridgeport, Docket No. 304981 (February 27, 1995, Thim, J.); Davis v. Mount Sinai, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539910 (January 31, 1995, Wagner, J.) (13 Conn. L. Rptr. 456, 457); Johnson v. Kaiser Foundation Health Plan,
Superior Court, judicial district of New Haven at New Haven, Docket No. 031241 (May 18, 1994, Gray, J.); Hall v. Mount SinaiHospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516071 (January 27, 1993, Hale, J.); Hyland v. State, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 398956 (August 6, 1992, Aurigemma, J.); Shipp v. Norwalk Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 273423 (February 20, 1991, Nigro, J.); Starr v. Merdinolu, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 093948 (November 1, 1990, Cioffi, J.); Bourquin v. Melsungen,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 346322 (September 4, 1990); Rockford v.Hartford Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 369419 (July 18, 1990, Hennessey, J.); Santilli v. Kharma, Superior Court, judicial district of Waterbury, Docket No. 77057 (March 27, 1987, Healey, J.) (2 C.S.C.R. 446); Hines v. St. Francis Hospital MedicalCenter, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 301237 (December 1, 1986, Noren, J.) (2 C.S.C.R. 130); Martinez v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 230042 (July 22, 1986, Spear, J.) (1 C.S.C.R. 568); David v. Faiaz,
11 Conn. Law Trib. No. 30, p. 11 (Super.Ct., January 16, 1985, Aspell, J.); Britton v. Borelli, 7 Conn. Law Trib. No. 25, p. 11 (Super.Ct., June 5, 1981, Moraghan, J.).
In Britton v. Borrelli, supra, 7 Conn. Law Trib. No. 25, p. 11, the court held that a mother whose child was born with injuries as a result of negligent obstetrical treatment may assert a claim for emotional distress. The court reasoned that the mother was not a mere bystander. The court stated that to characterize a mother as a bystander at the birth of her child is "most troublesome" and "seems repugnant to logic." Id., 13. "`To infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such a circumstance as hypothesized there are two within the zone of danger and the doctor owes a duty to each. . . .' Howard v. Lecher, 42 N.Y.2d 109, 116 (Cooke, J. dissenting). The conceptual accuracy of the foregoing, while CT Page 7370 generated in a dissenting opinion, is nonetheless compelling."Id. The court determined that the plaintiff-mother "was not a mere eyewitness or bystander to an injury caused by another but rather she was the one to whom a duty was directly owed by the obstetricians and the one who was directly injured by the physicians' breach of that duty." Id., 14.
Connecticut courts have noted that, when a child is injured due to negligent obstetrical care, the mother and child are joint victims of the malpractice, not separable entities. Golymbieskiv. Equia, supra, 3 Conn. Ops. 704; Stapleton v. S.H.E. MedicalAssociates, supra, Superior Court, Docket No. 536586. "To suggest that a mother engaging in the process of labor and delivery is a bystander to the event, or to try to sever out concerns for her own well-being versus concerns for the child within her, defies logic and reason. A mother's concerns during delivery for her own welfare and that of her child are so interwoven as to be legally inseparable. Where the child remains a part of the mother's physical being, concerns for the child's welfare during delivery procedures are concerns for the mother's well being." Golymbieskiv. Equia, supra, 3 Conn. Ops. 704.
Plaintiffs have sufficiently alleged that the defendants owed a duty to Patricia DeCurtis-Smith and that the defendants breached their duty. See Hall v. Mount Sinai Hospital, supra, Superior Court, Docket No. 516071; Shipp v. Norwalk Hospital,
supra, Superior Court, Docket No. 273423; Britton v. Borrelli,
supra, 7 Conn. Law Trib. No. 25, p. 12. If proven, these allegations would support a claim for emotional distress.Montinieri v. Southern New England Telephone Company,175 Conn. 337, 345, 398 A.2d 1180 (1978); see also, Hall v. Mount SinaiHospital, supra, Superior Court, Docket No. 516071; Shipp v. Norwalk Hospital, supra, Superior Court, Docket No. 273423;Britton v. Borrelli, supra, 7 Conn. Law Trib. No. 25, p. 12. Therefore the defendants' motion to strike counts three and six of the plaintiffs' substituted complaint is denied.
JOHN J.P. RYAN, J